UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
DAVID HIERGESELL,

    Plaintiff,

        -against-

THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,

        Defendant.
------------------------------X

**COMPLAINT**

Civil Action No. 07 CV 3435 (TPG)
Griesa, J
Peck, M.J.

ECF CASE

    The plaintiff, DAVID HIERGESELL, through his attorney, FRANK J. LAINE, PC as and for his complaint against the defendant, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA (hereinafter referred to as "INSURANCE COMPANY") alleges:

### NATURE OF THE ACTION

    1.    This action pursuant to 28 U.S.C. 1364 (Direct actions against insurers of members of diplomatic missions and their families) is brought to recover for personal injuries sustained by New York City Police Officer DAVID HIERGESELL as a result of a motor vehicle accident involving Ilya Sergeyevich Morozov (hereinafter "Morozov"), a diplomatic member of the Permanent Mission of the Russian Federation who was operating a motor vehicle owned by the Russian Mission to the United Nations (hereinafter "Russian Mission").

## JURISDICTION AND VENUE

2.  The Court has subject matter jurisdiction under 28 U.S.C. § 1364 (Direct actions against insurers of members of diplomatic missions and their families). The Court has supplemental jurisdiction of the pendant state law claims under 28 U.S.C. § 1367.

3.  Venue is proper because the defendant resides and may be found in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district all within the contemplation of 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

4.  Plaintiff, DAVID HIERGESELL, a resident of the State of New York and a New York City Police Officer who was injured in the line of duty.

5.  Defendant, INSURANCE COMPANY, a member of the American International Group, at all relevant times insured the Russian Mission and Morozov and maintains its offices at 70 Pine Street, New York, NY 10270.

## FIRST CAUSE OF ACTION

6. That at all times hereinafter mentioned, the Defendant, INSURANCE COMPANY, was a domestic insurer authorized to transact business in the State of New York.

7. That at all times hereinafter mentioned, the Defendant, INSURANCE COMPANY, was a foreign insurer authorized to transact business in the State of New York

8. That at all times hereinafter mentioned, the Defendant, INSURANCE COMPANY, maintained its offices at 70 Pine Street, New York, NY  10270.

9. That upon information and belief and at all times hereinafter mentioned, Morozov, was a member of a mission (within the meaning of 2(3) of the Diplomatic Relations Act (22 U.S.C. 254a(3))) or a member of the family of such a member of a mission, or an individual described in section 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946, against liability for personal injury, death, or damage to property.

10. That upon information and belief, at the time of the tortious acts or omissions complained of herein, the defendant, INSURANCE COMPANY, by contract, insured Morozov, a member of a mission (within the meaning of 2(3) of the Diplomatic Relations Act (22 U.S.C. 254a(3))) or a member of the family of such a member of a mission, or an individual described in section 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946, against liability for personal injury, death, or damage to property.

11. That at all times hereinafter mentioned and upon information and belief, the southbound FDR Drive at or near its intersection with East 116th Street, in the County of New York, City and State of New York, was a public thoroughfare and roadway.

12. That at all times hereinafter mentioned and upon information and belief, Morozov was the operator of a 2005 Toyota motor vehicle, Department of State Registration # 0443YRD.

13. That at all times hereinafter mentioned and upon information and belief, the Russian Mission was the owner of a 2005 Toyota motor vehicle, Department of State Registration # 0443YRD.

14. That at all times hereinafter mentioned, Morozov, was operating and in control of the motor vehicle owned by the Russian Mission.

15. That at all times hereinafter mentioned, Morozov, was operating and in control of the motor vehicle owned by the Russian Mission , with the express and/or implied permission, consent, and knowledge of the owner Russian Mission.

16. That at all times hereinafter mentioned, and upon information and belief, the plaintiff, DAVID HIERGESELL, was a pedestrian, in the course of his duties as a New York City Police Department Police Officer.

17.     That on or about April 22, 2006, the vehicle operated by Morozov, owned by the Russian Mission , was operated on a sidewalk and through a construction zone and was operated while the driver was intoxicated.

18.     That said operation on a sidewalk and through a construction zone while the operator was intoxicated occurred on the southbound FDR Drive at or near its intersection with East 116th Street, in the County of the New York, City and State of New York.

19.     That plaintiff-Police Officer, DAVID HIERGESELL, attempted to stop the vehicle operated by Morozov and owned by the Russian Mission, for these violations.

20.     That the vehicle owned by the Russian Mission and operated by Morozov, disregarded the police order to stop and struck the pedestrian plaintiff-Police Officer DAVID HIERGESELL who was standing in the construction zone of the FDR Drive at or near its intersection with 116th Street.

21.     That said collision occurred in the construction zone of the southbound FDR Drive at or near its intersection with 116th Street in the County of New York, City and State of New York.

22.     That said collision was the result of the negligence of the defendants in *inter alia*: negligently driving through a construction site; improperly driving across sidewalk; failure to drive in designated lane; driving while intoxicated by drugs or alcohol; driving while under the influence; driving while impaired; driving with a suspended license; failure to operate a

vehicle at a reasonable and prudent rate of speed; operating a vehicle at an excessive rate of speed in a work zone; improperly driving on shoulder of roadway; failure to comply with a police order; failure to comply with a police order; failing to obey speed limit; failure to yield to a police officer; failing to stay in lane; improperly driving on a sidewalk; improperly driving through a construction zone; failing to keep proper look-out; failing to drive at a speed reasonable for conditions then and there existing; failing to slow upon approaching a pedestrian; failing to see what could and should have been seen; failing to exercise sufficient control for the safe operation of the vehicle; failure to keep vehicle in lane; failing to stop in a timely manner in order to avoid the collision; operating in a grossly negligent or otherwise reckless manner; failing to observe the vicinity of the plaintiff vehicles prior to the collision; failing to sound a horn or other signaling or warning device in order to give warning of the defendants' vehicles' approach or to avoid the collision; permitting a vehicle to be operated by a known unsafe, incompetent and inexperienced driver; failing to afford the plaintiff a fair and reasonable opportunity to avoid the collision; operating the vehicle in such a careless and negligent manner as to cause the happening of the collision; failing to sufficiently slow or stop a vehicle on approaching and prior to reaching the site of the collision; failing to observe the rules of the road; failing to comply with the statutes and ordinances made and provided.

        23.    That said collision was caused solely by the negligence of Morozov without any negligence on the part of the plaintiff in any way contributing thereto.

24. That as a result of the foregoing, the plaintiff has been rendered sore, sick, lame and disabled with accompanying serious and severe pain and suffering; has been confined to the hospital, to his bed and to his home for extended, lengthy and considerable periods of time; was obliged to and did necessarily employ medical, surgical, and therapeutic aid and attendance and did necessarily pay and become liable therefor and will hereafter incur further expenses of a similar nature; has lost time and was unable to carry on his usual daily activities; has suffered and has been subject to fright, shock, emotional and mental distress, depression and disturbance; and has otherwise suffered severe and lasting injuries of a permanent nature.

25. That as a result of the foregoing, the plaintiff has suffered many severe and serious injuries of a permanent nature as defined in New York Insurance Law §5102(d).

26. That as a result of the foregoing, the plaintiff has been damaged in the sum of One Million ($1 Million) Dollars.

**SECOND CAUSE OF ACTION**

27. Plaintiff repeats, reiterates and realleges as part of this cause of action each and every allegation set forth in paragraphs marked "1" through "26" inclusive with the same force and effect as if fully set forth herein.

28. That at all times hereinafter mentioned, Morozov failed to comply with, and/or the dangerous conditions complained of, were in violation of statutes, ordinances, codes,

rules, orders and/or requirements of State, City and /or Local governments then and there existent among which are:  New York State Vehicle and Traffic Law Sections 509, 511, 512, 1102, 1128, 1129, 1128(c), 1225A, 1130(2), 1131, 1164, 1104, 1144, 1180, 1192 and 1212. In addition, the defendants violated New York City Traffic Rules Sections 4-06, 4-07(b)(1) and 4-02(c).

    29. The injuries sustained by the plaintiff herein were sustained without any fault, want of care or culpable conduct on the part of the plaintiff herein, but solely by virtue of the neglect, omission, willful or culpable negligence of the defendants in failing to comply with the statutes, ordinances, rules, codes, orders and/or other requirements of State, City and/or Local governments then and there existent.

    30. Solely by reason of the foregoing, plaintiff asserts a cause of action against the defendant under Section 205(e) of the General Municipal Law of the State of New York.

    31. That as a result of the foregoing, the plaintiff has been damaged in the sum of One Million ($1 Million) Dollars.

    WHEREFORE, the plaintiff  demands judgment be entered against the defendant:

    a. on the first cause of action, in the sum of One Million ($1 Million) Dollars; and

    b. on the second cause of action, in the sum of One Million ($1 Million) Dollars; and

    c. for costs and disbursements of the action; and

      d.    for any such other and further relief which to this Court seems just, equitable and proper.

Dated: Plainview, New York  
       April 30, 2007

Yours, etc.

S/_____  
Frank Braunstein (FB4652)  
FRANK J. LAINE, P.C.  
Attorneys for Plaintiff  
449 South Oyster Bay Road  
Plainview, NY 11803  
(516) 937-1010