UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVID HIERGESELL,

                                Plaintiff(s),

-against-

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

                                Defendant(s).
------------------------------------------------------------------------X

**ANSWER**

Index No. CV-3435-07

      The defendant THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA by its attorneys, MONTFORT, HEALY, McGUIRE & SALLEY, answering the complaint of the plaintiff, herein, respectfully shows to this Court and alleges:

### ANSWERING THE ALLEGED NATURE OF THE ACTION

      FIRST. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "1" of the complaint herein, and respectfully refers all questions of law to this Court.

### ANSWERING THE ALLEGED JURISDICTION AND VENUE

      SECOND. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "2" and "3" of the complaint herein, and respectfully refers all questions of law to this Court.

### ANSWERING THE ALLEGED THE PARTIES

      THIRD. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "4" of the complaint herein.

FOURTH. Upon information and belief, defendant denies each and every allegation set forth in paragraph designated "5" of the complaint herein, except defendant admits that defendant, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, insured the Russian Mission on the date of the alleged occurrence.

## ANSWERING THE ALLEGED FIRST CAUSE OF ACTION

FIFTH. Upon information and belief, defendant denies each and every allegation set forth in paragraphs designated "7", "8", "17", "18", "19", "20", "21", "22", "23" and "26" of the complaint herein.

SIXTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "9", "10", "11" and "16" of the complaint herein, and respectfully refers all questions of law to this Court.

SEVENTH. Upon information and belief, defendant denies each and every allegation set forth in paragraphs designated "14", "15" and "25" of the complaint herein, and respectfully refers all questions of law to this Court.

EIGHTH. Upon information and belief, defendant denies each and every allegation set forth in paragraph designated "24" of the complaint herein except defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained therein which refer to injuries.

## ANSWERING THE ALLEGED SECOND CAUSE OF ACTION

NINTH. Answering paragraph designated "27" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "EIGHTH" of the defendant's answer.

TENTH. Upon information and belief, defendant denies each and every allegation set forth in paragraphs designated "28" and "30" of the complaint herein, and respectfully refers all questions of law to this Court.

ELEVENTH. Upon information and belief, defendant denies each and every allegation set forth in paragraphs designated "29" and "31" of the complaint herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

TWELFTH. Upon information and belief, that the injury or injuries, if any, sustained by the plaintiffs at the time and place, or on the occasion referred to in the plaintiffs' complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the plaintiffs themselves, and the damages recoverable by plaintiffs, if any, shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs bear to the culpable conduct which caused the damages.

THIRTEENTH. Upon information and belief, the defendant THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiffs' complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

FOURTEENTH. That in entering upon the activity upon which DAVID HIERGESELL was engaged at the time of the occurrence, the plaintiffs assumed the risk thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

FIFTEENTH. Upon information and belief, plaintiffs' sole and exclusive remedy is confined and limited to the benefits and provisions of New York State Insurance Law, Article 51.

SIXTEENTH. That if the plaintiffs did not sustain serious injuries as defined by Section 5102(d) of the Insurance Law of the State of New York, plaintiffs' exclusive remedies are confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

SEVENTEENTH. Upon information and belief, that the plaintiffs are prohibited from maintaining this cause of action by reason of the provisions of Article 51, Section 5104(a) of the Insurance Law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

EIGHTEENTH. Any direct action brought against an insurer pursuant to title 28 USC section 1364(b) shall be tried without a jury and any recovery is capped at the applicable insurance coverage limits.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

NINETEENTH. Upon information and belief, that all or a part of plaintiffs' special damages have been paid or will be paid by collateral sources and no award should, in any event, be made for same.

WHEREFORE, defendant THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA demands judgment dismissing the complaint of the plaintiff herein, with costs and disbursements.

Dated: Garden City, New York
       May 3, 2007

Yours, etc.,

MONTFORT, HEALY, McGUIRE & SALLEY

BY: _____
    CHRISTOPHER T. CAFARO (CTC-3049)
    Attorneys for Defendant(s), THE INSURANCE
    COMPANY OF THE STATE OF PENNSYLVANIA
    1140 Franklin Avenue
    P.O. Box 7677
    Garden City, New York 11530
    (516) 747-4082

TO: FRANK J. LAINE, P.C.
    Attorneys for Plaintiff
    449 South Oyster Bay Road
    Plainview, New York 11803